```
E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>CAROLINE JOANNE HERRLING,<br>  aka Carrie Phenix,<br>  aka Caroline Gardiner,<br><br>            Defendant. | No. 2:23-mj-00165-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1. <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds</u>:

        a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

```
           _____    b. defendant is an alien not lawfully admitted for
                       permanent residence; and
           _____    c. defendant may flee; or
           _____    d. pose a danger to another or the community.
X          2. Pretrial Detention Requested (§ 3142(e)) because no
              condition or combination of conditions will reasonably
              assure:
           X     a. the appearance of the defendant as required;
           X     b. the safety of any other person and the community.
           3. Detention Requested Pending Supervised Release/Probation
              Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
              § 3143(a)):
           _____ a. defendant cannot establish by clear and convincing
                    evidence that he/she will not pose a danger to any
                    other person or to the community;
           _____ b. defendant cannot establish by clear and convincing
                    evidence that he/she will not flee.
X          4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
              § 3142(e)):
           X     a. Title 21 or Maritime Drug Law Enforcement Act
                    ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
                    10-year or greater maximum penalty (presumption of
                    danger to community and flight risk);
           _____ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
                    2332b(g)(5)(B) with 10-year or greater maximum
                    penalty (presumption of danger to community and
                    flight risk);
```

2

   \_\_\_\_\_ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

   \_\_\_\_\_ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

X 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

   \_\_\_\_\_ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

   \_\_\_\_\_ b. an offense for which maximum sentence is life imprisonment or death;

   X c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

```
           ____    d. any felony if defendant has two or more convictions
                      for a crime set forth in a-c above or for an offense
                      under state or local law that would qualify under a,
                      b, or c if federal jurisdiction were present, or a
                      combination or such offenses;
           ____    e. any felony not otherwise a crime of violence that
                      involves a minor victim or the possession or use of a
                      firearm or destructive device (as defined in 18
                      U.S.C. § 921), or any other dangerous weapon, or
                      involves a failure to register under 18 U.S.C.
                      § 2250;
           X       f. serious risk defendant will flee;
           X       g. serious risk defendant will (obstruct or attempt to
                      obstruct justice) or (threaten, injure, or intimidate
                      prospective witness or juror, or attempt to do so).
    ____  6. Government requests continuance of _____ days for
              detention hearing under § 3142(f) and based upon the
              following reason(s):
              _____
              _____
              _____
              _____
//
//
//
//
//
//
```

4

7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: January 13, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ *Andrew Brown*
_____
ANDREW BROWN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA